[No. 8895.   Department One.   November 21, 1910.]

JOSIAH ROCK *et al.*, *Respondents*, v. O. B. JOSEPH *et al.*, *Appellants*.[1]

CORPORATIONS—SALE OF STOCK—FRAUD—EVIDENCE—SUFFICIENCY— DEEDS—EXCHANGE OF PROPERTY.   A sale of stock in a foreign mercantile company and a deed given in exchange is properly rescinded for fraud, where the vendors represented that it was solvent, doing a prosperous business, and that they had sold shares to their son at $8 per share, the statements being false and implicitly relied upon by the vendees.

SAME—RESCISSION—TIME—LACHES.   A delay of three months, after hearing of false representations, in bringing suit to rescind a sale of corporate stock and cancel a deed, will not preclude a recovery, where the delay was at the request of the plaintiff's son, connected with the corporation, and for the reason that it was being pressed by creditors.

Appeal from a judgment of the superior court for King county, Frater, J., entered November 24, 1909, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to vacate a deed. Affirmed.

*Graves & Murphy* (*C. H. Winders*, of counsel), for appellants.

*Austin E. Griffiths* (*Paul Shaffrath*, of counsel), for respondents.

MOUNT, J.—Respondents brought this action against the appellants to set aside a deed to certain real estate in King county, on the ground of fraud and misrepresentations. The appellants, for answer to the complaint, denied the allegations of fraud, and denied that any misrepresentations had been made to the respondents.  Upon the trial of the case, the court found in favor of the plaintiffs, and entered a decree setting aside the deed and restoring the parties to their original status.   The defendants have appealed.

[1]Reported in 111 Pac. 783.

It appears that the appellant O. B. Joseph was the owner of six hundred shares of stock in the North Coast Commercial Company, Ltd., a British Columbia corporation, doing a mercantile business at Port Essington, in British Columbia. Mr. Joseph represented to the respondents that the corporation was a solvent, going concern, doing a very prosperous business, that he had sold a number of shares to their son at eight dollars per share, and that the profits of the business amounted to a large sum. The respondents, relying upon these representations, traded their home in Seattle, worth about $6,500, for these shares and a note of $200, the appellants assuming a mortgage on the home amounting to $1,500. This trade was made in the month of December, 1908. In January, 1909, the respondents learned that the corporation was substantially insolvent, was not doing a profitable business, and was unable to pay its debts, and that the stock was practically of no value; that appellants had sold some stock to respondents' son, but at less than five dollars per share, instead of eight dollars as represented. On March 30, 1909, this action was begun.

A careful reading of the evidence in the case convinces us that the respondents were imposed upon. The appellant O. B. Joseph knew the condition of the business of the corporation at the time the trade was made, and that the corporation was almost, if not wholly, insolvent; and yet he represented to the respondents that the company was doing a prosperous business, and was not incumbered by debt; that the stock was valuable, when the reverse was the truth. The respondents relied implicitly upon the statements of the appellant, and made no further inquiries until after the trade was made. Upon the record in the case, the trial court could not have come to any other conclusion than the one found.

It is argued by the appellants that the respondents ought not to recover, because they did not promptly upon discovery of the facts rescind, or offer to rescind, the contract. The evidence is not clear as to the exact time when the respond-

ents were informed of the fraud, but this information was probably received some time about the 1st of January, 1909, when they were informed by their son, who was at that time at Port Essington and connected with the management of the business. This son at that time requested his parents to take no action in the matter for a while, because the creditors of the company were pressing for a settlement of their claims, and any action at that time would be disastrous to the company. We find no evidence of any act other than delay which could be reasonably construed as a ratification after knowledge of the facts, and we are of the opinion that the mere lapse of time, amounting to about three months, did not, under the circumstances of this case, amount to a ratification.

The other errors assigned are not of sufficient importance to justify a reversal, and need not be discussed. Upon the whole record, we are satisfied that the judgment was just, and it is therefore affirmed.

RUDKIN, C. J., PARKER, GOSE, and FULLERTON, JJ., concur.